IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER J. SINGLEMAN,

    Defendant-Petitioner,   ORDER

**V.**              10-cr-138-wmc
                 24-cv-88-wmc
UNITED STATES OF AMERICA,

    Respondent.

---

Petitioner Christopher J. Singleman, by his counsel, has filed a motion to vacate the sentence originally imposed in Case No. 10-cr-138-wmc under 28 U.S.C. § 2255, which the government has apparently indicated is unopposed provided his sentence is reduced to 120 months. For the reasons that follow, the court will grant defendant's motion.

## BACKGROUND

After pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to brandishing a firearm, in violation of 18 U.S.C. § 924(c), petitioner was sentenced under the Armed Career Criminal Act (ACCA) to 180 months' imprisonment, to be served consecutively to an 18-month sentence under § 924(c). A 5-year term of supervised release was imposed to follow the aggregate term of imprisonment.

Petitioner's ACCA sentence was based on four Wisconsin burglary convictions, in violation of Wisconsin Stat. 943.10(1)(a) and (e) (2002). If sentenced today, these burglary convictions would not qualify as predicate offenses under *Johnson v. United*

*States,* 576 U.S. 591 (2015), and *Mathis v. United States,* 579 U.S. 500 (2016). *See United States v. Franklin,* 772 Fed. App'x 366 (7th Cir. July 2, 2019). Under § 2255(f)(3), however, petitioner faces a one-year statute of limitation from the date that the Supreme Court recognizes a new rule of constitutional law.

Petitioner indicates that his motion is nevertheless "unopposed," and that Assistant U.S. Attorney Laura Przybylinski Finn informed petitioner's counsel that, if the court finds that § 2255 relief is otherwise appropriate, the government does not oppose resentencing petitioner to 120 months' imprisonment for his conviction under § 922(g)(1) (Count 5); to time served for his conviction under § 924(c) (Count 1); and to 3 years of supervised release on the § 922(g)(1) count and 5 years of supervised release on the § 924(c) count. Given that. the U.S. Attorney's Office has effectively agreed to waive reliance on all potential procedural defenses, including timeliness, to petitioner's claim, this court will not stand in the way of what, but for its untimeliness, would now be an appropriate sentence, provided steps are taken to ensure petitioner's orderly and hopefully successful transition back into the community as set forth in the order below.

ORDER

IT IS ORDERED that the Unopposed Motion for Relief Under 28 U.S.C. § 2255 (dkt. #121) is GRANTED. As to Count 5, defendant-petitioner is committed to the custody of the Bureau of Prisons for a term of 120 months' imprisonment. As to Count 1, defendant-petitioner is committed to the custody of the Bureau of Prisons for a term of time served upon the first available space at a residential reentry center.

The terms of imprisonment are to be followed by a 3-year term of supervised release as to Count 5 and a 5-year term of supervised release as to Count 1, to be served concurrently. Defendant-petitioner has no release plan and has been incarcerated for an extended period. The conditions of supervised release are modified to include the following additional condition to assist with transition to the community:

> Defendant is to spend the first 180 days of supervision in a residential reentry center with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay defendant's own medical expenses, if any, and is to pay 25% of defendant's gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. Probation Officer.

All other provisions in the amended judgment docketed on July 28, 2011, remain unchanged.

Entered this 9th day of February, 2024.

BY THE COURT:

WILLIAM M. CONLEY
District Judge